IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL DIAZ-ALCARAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-02258-X-BT |
| | § | |
| DALLAS COLLEGE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this employment-discrimination action, pro se Plaintiff Daniel Diaz-Alcaraz alleges that Defendant Dallas College failed to hire or promote him to dozens of positions in 2023 and 2024 because of his race and national origin, in violation of Title VII, the Texas Labor Code, and 42 U.S.C. § 1981. Defendant moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement under Rule 12(e). *See* Mot. (ECF No. 8). Plaintiff requests leave to amend his complaint. *See* Resp. at 1, 11 (ECF No. 9).

For the reasons explained below, Plaintiff should be permitted to file a second amended complaint addressing the pleading deficiencies identified in this recommendation, except as to claims that are subject to dismissal with prejudice. The undersigned therefore recommends that the District Judge GRANT Defendant's motion in part and DENY it in part, as set forth below.

## Background

As alleged in the Amended Complaint, Plaintiff is a Hispanic/Latino Mexican-American male who worked as a part-time adjunct professor at Dallas College. *See* Am. Compl. at 4, 5–6 (ECF No. 5). Plaintiff holds a Ph.D. in Educational Leadership, has approximately fifteen years of teaching and leadership experience, and has ten years of technical workforce experience as a building engineer. *Id.* at 4.

From approximately April 2023 through October or November 2024, Plaintiff applied for more than thirty faculty and leadership positions at Dallas College, including around twenty-six full-time leadership positions, including Dean of Guided Pathways for Success, Senior Director for Dallas College Promise, Dean of Success Coach—Special Populations and Programs, and Vice Provost of E-Learning. *Id.* at 4–5, 8. Defendant did not select Plaintiff for any of these positions. *Id.*

Plaintiff alleges that Defendant instead selected less qualified candidates. *Id.* at 4–5, 8, 21. He alleges that some of the selected candidates were internal candidates and that others had personal or political relationships with College leadership. *Id.* at 4. Plaintiff characterizes these alleged practices as insider favoritism, nepotism, and political patronage and contends that they resulted in the denial of equal employment opportunities because of his race and national origin. *Id.* at 10. In particular, Plaintiff alleges that Defendant repeatedly selected non-Hispanic candidates despite his allegedly superior qualifications. *Id.* at 5, 8.

Plaintiff further alleges that he reported misconduct by Dallas College employees and that Defendant failed to investigate his complaints. *Id.* at 9. He characterizes Defendant's alleged failure to investigate as gross negligence and a breach of its duty of care. *Id.* Plaintiff resigned from his adjunct position in the fall of 2024. *Id.*

Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on November 27, 2024, and he received a right-to-sue letter on June 12, 2025. *Id.* at 12–15. He filed this action on August 22, 2025, asserting claims under Title VII of the Civil Rights Act of 1964, Chapter 21 of the Texas Labor Code, and 42 U.S.C. § 1981. *See* Compl. (ECF No. 3). Four days later, Plaintiff filed his Amended Complaint, which is the live pleading.[1] Plaintiff seeks approximately $7.5 million in compensatory damages, as well as back pay, front pay, punitive damages, injunctive and declaratory relief, costs, and other relief. *Id.* at 6. He also requests orders requiring Defendant to correct allegedly discriminatory employment practices, reopen or reevaluate hiring processes, and prevent the exclusion of qualified Hispanic/Latino candidates. *Id.*

Defendant timely moved to dismiss under Rule 12(b)(6). *See generally* Mot. Defendant contends that Plaintiff's failure-to-hire and failure-to-promote claims should be dismissed because the Amended Complaint does not adequately identify

[1] The Amended Complaint includes more than fifty pages of other allegations and exhibits concerning Plaintiff's applications, qualifications, the positions for which he applied, and the circumstances surrounding Defendant's hiring decisions.

the specific employment decisions at issue or allege facts sufficient to state a plausible claim based on any particular employment decision. *See id.* at 1, 5–7. Defendant further contends that Plaintiff improperly relies on a "pattern and practice" theory that is unavailable in this private action. *Id.* at 1, 4–5. It also argues that Plaintiff's Title VII and Texas Labor Code claims are unexhausted to the extent they are based on national origin, that certain alleged adverse actions are time-barred, and that Plaintiff's § 1981 claims fail to plausibly allege but-for race causation and are untimely as to several alleged actions. *See id.* at 1, 8–11.

Plaintiff filed a response, and Defendant filed a reply (ECF No. 16). The motion is ripe for adjudication.

## Legal Standards

<u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. When the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[2] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

---

[2] The Court may properly consider Plaintiff's EEOC charge, as Defendant attached a copy of the charge to its Motion to Dismiss, Plaintiff referred to the charge in his complaint, and it is central to his claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Courts considering Rule 12(b)(6) motions generally hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But "despite [the] general willingness to construe pro se filings liberally," courts "still require pro se parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (cleaned up). Thus, a pro se plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *Id.* (citations omitted).

<u>Title VII</u>

Title VII prohibits employers from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish disparate treatment through direct evidence or through circumstantial evidence under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 212–13 (2015).

At the pleading stage, however, the Court does not apply the *McDonnell Douglas* framework as an evidentiary test. Rather, under *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the ultimate elements of a Title VII disparate-treatment claim are (1) an adverse employment action (2) taken against the plaintiff because

of a protected characteristic. *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599-600 (5th Cir. 2021); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019).

When a claim relies on circumstantial evidence, the *McDonnell Douglas* framework may nevertheless provide a useful guide for determining whether the pleaded facts support a plausible inference of discrimination. *Thornton v. Univ. of Tex. Sw. Med. Ctr. Sch. of Med.*, 2025 WL 619166, at *2 (5th Cir. Feb. 26, 2025). Under that framework, a plaintiff ordinarily must establish that he is a member of a protected class, was qualified for the position at issue, suffered an adverse employment action, and was treated less favorably because of his protected status than similarly situated persons outside the protected class under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

<u>The Texas Labor Code</u>

The Texas Labor Code prohibits employment discrimination based on race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code § 21.051 (West 2024). Texas courts generally apply the same framework used to evaluate Title VII discrimination claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012).

<u>42 U.S.C. § 1981</u>

Section 1981 provides that all persons within the jurisdiction of the United States have the same right to make and enforce contracts. 42 U.S.C. § 1981(a) (2025). The statute defines "make and enforce contracts" to include "the making,

performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b); *Arguello v. Conoco, Inc.*, 330 F.3d 355, 359 (5th Cir. 2003).

To state a Section 1981 contract-discrimination claim, a plaintiff must allege that he is a member of a racial minority, that the defendant intended to discriminate on the basis of race, and that the discrimination concerned an activity protected by § 1981. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)).

The plaintiff must ultimately establish that, but for race, he would not have suffered the loss of a legally protected right. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). At the pleading stage, the complaint must contain factual allegations that permit a plausible inference of but-for causation. *Id.*

## Analysis

1. <u>Plaintiff should be permitted to amend his failure-to-hire and failure-to-promote claims</u>.

Plaintiff alleges that Defendant's failures to hire or promote him violated Section 1981, Title VII, and the Texas Labor Code. Am. Compl. at 3–4. Defendant argues that these claims are insufficiently pleaded because Plaintiff identifies more than thirty applications without specifying which positions involved discriminatory decisions. Mot. at 5–6. Defendant contends that this

prevents it from determining which employment decisions Plaintiff challenges. *Id.* at 6. It also argues that Plaintiff does not allege how he was qualified for each position and does not identify appropriate comparators for the individual decisions. *Id.*

The current allegations do not provide sufficient factual detail to permit the Court to determine which hiring or promotion decisions Plaintiff contends were discriminatory. Nor does Plaintiff identify facts concerning particular applicants or other circumstances that would permit a plausible inference that race or national origin motivated any particular hiring or promotion decision.[3] The allegations also do not presently permit a plausible inference that Defendant would have hired or promoted Plaintiff but for his race or national origin. *See Comcast Corp.*, 589 U.S. at 341.

The current allegations are insufficient to state a plausible claim for relief, but dismissal with prejudice is not appropriate at this stage. Plaintiff is proceeding without counsel, and his pleadings must be construed liberally. *See Miller*, 636 F.2d at 988. The Fifth Circuit has recognized that pro se plaintiffs generally should be afforded an opportunity to amend before their claims are dismissed for pleading deficiencies. *See Scott v. Byrnes*, 2008 WL 398314, at

[3] In his response, Plaintiff states that he voluntarily withdrew from consideration for the Senior Student Success Coach, or Education Department Chair positions, and he clarifies that he is not pursuing claims based on those positions. Resp. at 6.

*1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.).

Plaintiff has expressly requested leave to amend. Resp. at 1, 11. Accordingly, Plaintiff should be given an opportunity to amend his failure-to-hire and failure-to-promote allegations. A second amended complaint should identify, to the extent Plaintiff contends the facts support such claims, the specific positions and employment decisions at issue and the facts supporting an inference that each challenged decision was motivated by race or national origin.

Plaintiff shall file any second amended complaint within 14 days after being served with a copy of the District Judge's order accepting these findings, conclusions, and recommendation. If Plaintiff does not timely file a second amended complaint, the District Judge should dismiss the claims subject to amendment for failure to state a claim.

Because Plaintiff will have an opportunity to provide the additional factual detail sought by Dallas College, the alternative Rule 12(e) request for a more definite statement should be denied without prejudice as unnecessary.

Additionally, Defendant's challenge to a pattern-or-practice theory should be denied as unnecessary. Dallas College argues that Plaintiff improperly relies on a "pattern and practice" theory of discrimination that is unavailable in this private action. Mot. at 1, 4–5. In his response, however, Plaintiff clarifies that he is not asserting a pattern-or-practice claim. Resp. at

10. The Court therefore need not address whether such a theory is available in this action.

2. Certain claims are barred by applicable limitations periods.

The District Judge should dismiss with prejudice Plaintiff's claims based on discriminatory failures to promote or hire occurring before February 1, 2024, under Title VII; before May 31, 2024, under the Texas Labor Code; and before August 22, 2023, under § 1981.

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Under Title VII, a charge of discrimination generally must be filed within 300 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). Under the Texas Labor Code, a charge generally must be filed within 180 days of the unlawful employment practice. *See* Tex. Lab. Code Ann. § 21.202(a). These deadlines begin to run when the plaintiff "knows or reasonably should have known that the challenged act has occurred." *Mayes v. Off. Depot, Inc.,* 292 F. Supp. 2d 878, 888 (W.D. La. 2003).

Plaintiff filed his Charge on November 27, 2024. Mot., Ex. A. Accordingly, the 300-day period reaches back to February 1, 2024, and the 180-day period reaches back to May 31, 2024. The District Judge should therefore dismiss with prejudice any Title VII claim based on an alleged discriminatory failure to promote

or hire occurring before February 1, 2024, and any Texas Labor Code claim based on such conduct occurring before May 31, 2024.

Section 1981 claims are subject to a separate two-year limitations period and do not require administrative exhaustion. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004) ("Under Texas law, one must file a discrimination claim under section 1981 within two years of the adverse employment action."); *Moody v. Am. Airlines, Inc.*, 2008 WL 11349850, at *7 (N.D. Tex. Aug. 29, 2008) (same). Plaintiff filed suit on August 22, 2025. *See* Compl. Accordingly, any Section 1981 claim based on an alleged discriminatory failure to promote occurring before August 22, 2023, is time-barred and should be dismissed with prejudice.

Plaintiff argues that the continuing-violation doctrine preserves his otherwise untimely claims. Resp. at 5–6. The doctrine does not apply to the discrete employment decisions alleged here. A one-time employment event, including a failure to hire, is "the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued." *Huckabay v. Moore,* 142 F.3d 233, 240 (5th Cir. 1998). Likewise, a discriminatory failure to promote is a discrete act for which the limitations period begins when the adverse employment decision occurs. *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002). The alleged failures to hire or promote therefore cannot be combined under the continuing-violation doctrine to avoid the applicable limitations periods.

3. Plaintiff's Title VII and Texas Labor Code national-origin claims should not be dismissed at this stage.

Defendant argues that Plaintiff failed to exhaust his administrative remedies for national-origin discrimination because his EEOC charge alleged discrimination based only on race. Mot. at 8–9. Plaintiff responds that the allegations in his charge were sufficient to place Defendant on notice that he was also asserting national-origin discrimination. Resp. at 10.

A plaintiff satisfies the administrative exhaustion requirement by timely filing a charge and receiving a right-to-sue notice from the EEOC or an appropriate state or local agency. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996). A subsequent lawsuit is generally limited to claims within the scope of the EEOC investigation, claims that could reasonably be expected to grow out of the charge, and claims filed within the applicable statutory period. *Id.*; *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

The scope of an EEOC charge is construed liberally. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). A plaintiff need not identify a particular theory of discrimination by checking a specific box on the charge, but the allegations must place the agency and the employer on notice of the nature of the claim. *Kretchmer v. Eveden, Inc.*, 374 F. App'x 493, 495 (5th Cir. 2010); *Sosebee v. Tex. Alcoholic Beverage Comm'n*, 906 F. Supp. 2d 596, 600 (N.D. Tex. 2012). Whether a claim falls within the scope of an EEOC charge

requires a fact-specific inquiry into the substance of the charge and the claims that could reasonably be expected to arise from an investigation. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). The analysis therefore focuses on the factual allegations in the charge rather than solely on the labels used. *Id.*

Failure to exhaust is a non-jurisdictional affirmative defense, and the defendant bears the burden of establishing it. *Thomas v. McDonough*, 2024 WL 1319727, at *2 (N.D. Tex. Mar. 26, 2024); *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015). Accordingly, dismissal at the pleading stage is appropriate only when the pleadings and matters properly considered at that stage clearly establish that the claim is unexhausted. *Thomas*, 2024 WL 1319727, at *2.

Here, Plaintiff checked only the "race" box on his Charge. Mot., Ex. A at 1. Defendant therefore contends that Plaintiff did not exhaust a claim based on national origin. Mot. at 8–9. The narrative portion of the Charge, however, identifies Plaintiff as "Hispanic" and alleges that the positions for which he applied were filled by "Non-Hispanic" individuals. Mot., Ex. A at 1–3, 7. Thus, although the Charge did not expressly label the alleged discrimination as based on national origin, its factual allegations refer specifically to Plaintiff's Hispanic identity and to the non-Hispanic identity of the individuals selected for the positions at issue.

Under these circumstances, the present record does not establish as a matter of law that a national-origin discrimination claim falls outside the scope

of the EEOC investigation. *See Patton*, 874 F.3d at 443; *Pacheco*, 448 F.3d at 789. Indeed, courts have recognized that race and national origin may be sufficiently related, depending on the facts alleged in the charge, to permit exhaustion of both theories even when the charge does not expressly identify each theory. *See Hernandez v. City of Corpus Christi*, 820 F. Supp. 2d 781, 795–96 (S.D. Tex. 2011) (concluding that allegations concerning the plaintiff's Mexican national origin were sufficient to exhaust both race and national-origin discrimination claims).

Because the scope of an EEOC charge is construed liberally, exhaustion is a fact-specific inquiry, and Defendant bears the burden of establishing the affirmative defense, the present record does not warrant dismissal of Plaintiff's Title VII and Texas Labor Code national-origin claims at this stage. The District Judge should therefore deny Defendant's motion to dismiss those claims based on exhaustion grounds.

**Recommendation**

For these reasons, the undersigned recommends that the District Judge:

1. GRANT in part and DENY in part Defendant's Rule 12(b)(6) motion (ECF No. 8) as set out above;

2. DISMISS with prejudice Plaintiff's Title VII claims based on alleged discriminatory failures to hire or promote occurring before February 1, 2024;

3. DISMISS with prejudice Plaintiff's Texas Labor Code claims based on alleged discriminatory failures to hire or promote occurring before May 31, 2024;

4. DISMISS with prejudice Plaintiff's § 1981 claims based on an alleged discriminatory failure to hire or promote occurring before August 22, 2023;

5. DENY as unnecessary Defendant's request to dismiss Plaintiff's § 1981 claims based on an alleged pattern-or-practice theory because Plaintiff has clarified that he is not asserting such a claim;

6. DENY Defendant's motion to dismiss Plaintiff's Title VII and Texas Labor Code claims based on national-origin discrimination;

7. GRANT Plaintiff leave to file a second amended complaint addressing the pleading deficiencies identified in this recommendation, except as to claims dismissed with prejudice; and

8. DENY without prejudice Defendant's alternative motion for a more definite statement under Rule 12(e).

Plaintiff must file any second amended complaint within 14 days after being served with the District Judge's order accepting these findings, conclusions, and recommendation. The amended pleading should clearly identify the specific employment decisions Plaintiff challenges and the factual allegations supporting each claim. If Plaintiff does not timely file a second amended complaint, the District Judge should dismiss the claims for which amendment has been permitted.

September 9, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Under Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).