**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DANIEL DIAZ-ALCARAZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3-25-CV-2258-X** |
| | § | |
| **DALLAS COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT

Defendant Dallas College ("Dallas College") moves the Court to dismiss portions of Plaintiff's claims in his Second Amended Complaint (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or 12(b)(1).

## I. INTRODUCTION

Plaintiff alleges that Dallas College failed to hire or promote him for numerous positions based on his race and national origin under three separate employment statutes. While Plaintiff has now amended his pleading to identify nine specific positions, many portions of his claims still fail, despite his scouring of the internet and Public Information Act records.[1] For instance, Plaintiff's Section 1981 claims fail because he has not pled an official policy or custom adopted by a final policymaker that was the "moving force" behind each decision. Rather, Plaintiff's policymaker and custom allegations rest on facially neutral policies and are based only on his own non-selections. Additionally, Plaintiff has failed to adequately plead a prima facie case of race

[1] Only with respect to Position 1: Vice Provost, School of E-Learning and Position 3: Executive Director, Case Management Studio does Plaintiff successfully attempt to articulate his qualification for the role compared to the successful candidates in a way that satisfies his initial pleading burden(s).

discrimination under the Texas Labor Code for more than half of the nine positions at issue. Finally, Plaintiff's Amended Complaint seeks remedies unavailable to him, such as injunctive relief beyond his own interests and attorney's fees.

For these reasons, the Court should dismiss Plaintiff's Amended Complaint with prejudice pursuant to Rule 12(b)(6). In the alternative, for any positions that are not time-barred, the Court should require a more definite statement under Rule 12(e) identifying the alleged adverse action (failure to hire or failure to promote), specific position, qualifications, and comparators for each claim.

## II. STANDARD FOR DISMISSAL

Under Rule 12(b)(6), dismissal is proper when a cause of action demonstrates a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]laims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). This Rule allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The federal pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[C]onclusory allegations or legal conclusions set

forth as factual allegations will not prevent dismissal." *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 470 (N.D. Tex. 2003). Thus, "to survive a motion to dismiss," the plaintiff must "plead facts sufficient to show" the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014); *see also Inclusive Cmtys.*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679). Dismissal is warranted when "even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.,* 974 F.3d 577, 581 (5th Cir. 2020).

In determining whether a plaintiff's complaint survives a motion to dismiss, the court relies on the allegations in the complaint, including any documents attached to the complaint. *Inclusive Cmtys.*, 920 F.3d at 900; *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). "When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, however, the court can also properly consider those documents." *Inclusive Cmtys.*, 920 F.3d at 900; *see also Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (noting that documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). "[D]ocuments are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.,* 453 B.R. 645, 662 (N.D. Tex. 2011). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether

a claim has been stated." *Inclusive Cmtys.*, 920 F.3d at 900 (quotation omitted). All documents cited in this Motion are either (1) attached to the Complaint or (2) attached to this Motion in an Appendix, referenced in the Complaint, and central to Plaintiff's claims; the Court can thus properly consider them.

## III. ARGUMENT & AUTHORITIES

### A. Plaintiff's Count II should be dismissed because Plaintiff cannot meet his burden to sue Dallas College, a governmental entity, through Section 1983.

Plaintiff concedes Dallas College is a local governmental entity and that he sues through § 1983. Am. Compl. p. 27. However, he cannot establish that he is entitled to relief. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiff must plead (a) an official policy or custom, (b) attributable to a final policymaker, (c) that was the moving force behind the violation. *Jett v. Dallas ISD*, 491 U.S. 701, 731 (1989); *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 464 (5th Cir. 2001). Plaintiff fails to establish each.

First, the written policies Plaintiff cites are neutral and in fact require verified, competitive, equal-opportunity hiring. Am. Compl. p.5-6. His theory is that staff *violated* those policies. *Id.* A departure from official policy is the opposite of an official policy and, therefore, Plaintiff's 1983 claim fails out the outset. Similarly, in terms of a custom, Plaintiff alleges that HR and hiring officials skipped verification "to the exclusion of a qualified Hispanic candidate," meaning Plaintiff himself. Am. Compl. p.27 Fifth Circuit custom claims require a pattern of similar violations against others that is persistent and widespread. One applicant's own non-selection will do. *See Oden*, 246 F.3d at 464.

The second element is also deficient. Plaintiff alleges the Board keeps final authority over full-time contractual hires and that the Chancellor holds delegated authority over non-contractual hires. Am. Compl. p.27. He then concedes he does not know whether the Board acted on any of

these selections and pleads in the alternative ("If the Board approved them … if it did not"). *Id.* That is speculation, not a plausible allegation. *See City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). *Praprotnik* separates delegated decision-making from delegated policymaking. *See Id.* Hiring managers who screened his applications are not policymakers. *See Bolton v. City of Dallas*, 541 F.3d 545 (5th Cir. 2008). Moreover, Plaintiff's reliance on the June 2023 Board work session when a trustee was *pushing for more* Hispanic hiring, and the Chancellor calling Hispanic recruitment "absolutely a mandate," cuts against a policymaker-endorsed custom of excluding Hispanics.

Because Plaintiff cannot meet his burden under *Monell*, all of Count II falls. This is fatal to Plaintiff's claims as to the **Position 7: 2023 Associate Dean, Educator Certification** position (R1147 and R913), which is pled under § 1981 alone.

**B. Plaintiff's has not met his pleading burden as to all positions.**

In Plaintiff's Amended Complaint, he cites to five positions where he avers only that he "met the published minimum qualifications," with no description of what those qualifications were: **Position 2: Director, Opportunity Pipeline, Position 4: Senior Director, External Engagement & Impact,**[2] **Position 6: Associate Dean, Student Rights & Responsibilities, Position 8: Senior Director, Employer Resource Center**, and **Position 9: Intercultural & Global Student Engagement**. Am. Compl. pp. 9, 11, 13, 16-17. Plaintiff's statements regarding his qualifications are conclusory and insufficient to meet his burden.

His recitations are even less sufficient under the Texas Labor Code. Plaintiff cites *Mission Consol. Indep. Sch. Dist. v. Garcia,* for the shared Title VII-Texas Labor Code framework. 372

[2] Interestingly, Plaintiff's argument with respect to this position relates to an alleged conflict of interest, which is not related to race in any way.

S.W.3d 629, 633–34 (Tex. 2012)*;* Am. Compl. p. 29. But *Garcia* also holds that for a governmental unit, the Texas Labor Code waives immunity only when the plaintiff actually pleads the prima facie elements. *Garcia*, at 635-37 ("[T]he Labor Code waives immunity from suit only when the plaintiff actually states a claim for conduct that would violate the TCHRA."). Plaintiff certainly cannot meet this higher burden and the Texas Labor Code claims as to these positions must be dismissed.

Plaintiff's claim as to **Position 4: Senior Director, External Engagement & Impact** under the Texas Labor Code should further be dismissed because Plaintiff has not established that the decision was made after to the limitations cut off of May 31, 2024. Indeed, he admits he applied on April 3, 2024 and he does not have access to the email address where his application status Reponses would have gone. Plaintiff's pure speculation that Dallas College's notification to him would have been no earlier than June 4 is not supported.

Finally, with respect to **Position 5: Senior Director, Energy Management & Sustainability**, Plaintiff has pled himself out of a viable claim because he identified the archetypal "obvious alternative explanation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 567 (2007). Here, Plaintiff's doctorate in educational leadership is irrelevant to the role and he details his purported qualification based on an HVAC certification and building-engineering work. However, Plaintiff undercuts his own claim of discrimination in his pleading by detailing the successful selectee's directly relevant physics and chemistry background and energy-management work since 2011. *Id*. at p. 12. As such, Plaintiff has shown the court an "obvious alternative explanation" that his claim of intentional discrimination is not plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (quoting *Twombly*, 550 U.S. at 567).

**C. The Court Should Dismiss Plaintiff's Claim for Injunctive Relief and Attorney's Fees.**

Plaintiff seeks an order to correct and reevaluate Dallas College's hiring processes. Am. Compl. p. 29. But, Plaintiff lacks standing for prospective relief beyond his own instatement, particularly in light of the fact that he resigned his employment as Adjunct Faculty with Dallas College in 2024. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–03 (1983); *see also Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) ("To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."). As such, Plaintiff's request for injunctive relief related to Dallas College's hiring processes should be dismissed.

Finally, Plaintiff improperly requests attorney's fees. Am. Compl. p. 29. A pro se non-attorney cannot recover fees. *See Kay v. Ehrler*, 499 U.S. 432 (1991). As such, Plaintiff's request for injunctive relief and attorneys' fees should be denied.

## IV. CONCLUSION AND REQUESTED RELIEF

Plaintiff has failed as a matter of law to state a claim for relief as described above. Dallas College thus respectfully requests that the Court dismiss Plaintiff's Section 1981 claims in their entirety and otherwise narrow the Complaint under Rule 12(b)(6) and/or 12(b)(1) with prejudice, and award Dallas College any other relief the Court deems appropriate.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Kristin S. Higgins*
Kristin S. Higgins
Texas Bar No. 24046880
kristin.higgins@ogletreedeakins.com
Cameron R. Burleson
Texas Bar No. 24127151
cameron.burleson@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on 9th of November 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all parties of record:

Daniel Diaz-Alcaraz
1414 Winding Brook Circle #171
Dallas, Texas 75208
Daniel.DiazAlcaraz@gmail.com

*/s/Kristin S. Higgins*
Kristin S. Higgins